Derbigny, J.
delivered the opinion of the court. A verbal contract was entered into between the parties, whereby the defendant and appellant engaged to carry to New-Orleans, in his barge, a quantity of cotton belonging to the plaintiff and appellee. The agreement was that he should take it down immediately on the return of his barge, which was expected in a few days. Thirteen bales of the cotton were laying at the plantation of one Mad. Rose, who had sold them to the plaintiff. This parcel not having been received by the defendant and appellant, and having shortly after been destroyed by the breaking in of the river, the present suit is brought for the recovery of its value.
The substance of the testimony produced, to *305 shew a breach of the contract by the defendant, is that he did not send his barge to the landing of the vendor of the cotton, nor any written order for its delivery, but employed a person verbally, to go and and request the vendor to cart the cotton to the bank of the river—a request which was not complied with.
East'n. District.
May 1816.
The general rule, with regard to carriers, is that they are answerable for any damage or loss which may happen thro’ their fault to the goods committed to their charge. “If the master, says Abbot, receive goods at the quay or beach or send his boat for them, his responsibility commences with the receipt." After they have been received, should they perish on the shore before they are put on board, the carrier is answerable. Etiamsi nondum sint res in navem receptæ, sed in littore perierint, quos semel recepit periculum ei pertinere, ff. l. 3. naut. caup.
The principle is the same in the common law of England, Strange 690. To charge the defendant therefore as a carrier, according to the general rule, a delivery to him ought to have been proven; but the contrary being in evidence, if he is still liable for the loss of the cotton, it must be on account of some particular obligation arising out of his contract.
He had engaged to ship the cotton immediately on *306 the return of his barge. Here the plaintiff holds him responsible, because he did not within the time agreed upon, send his barge to the landing of the vendor’s plantation, and did not, either in person or by a written message, make application to the vendor to have the cotton removed. It does not appear that he had entered into any obligation to demand, in a formal manner, the delivery of the cotton from the person in whose custody it was: but, from the nature of his contract, he was bound to send some notice to that person, of his coming to take it.
It is by no means clear that if he had failed to give any advice of his coming, and had passed on without calling for the cotton, he would have been answerable for the loss of the cotton, in the care of another person. But it is in evidence, that he sent a message, requesting that the cotton should be carted to the levee, and that his message was not attended to. The circumstance of his not having been at the landing of the vendor, to take the cotton, is of no moment : for, he was not bound to go before he knew that the cotton was brought to the place, or at least that they were carting it there. He was, at the time, at the distance of twenty or twenty-five arpens below the landing, employed in taking on board of his barge other cotton of *307 the plaintiff. It even appears, from the deposition of one of the witnesses, that the appellant had already made an attempt to go to the landing of Madame Rose, but the passage to it being blocked up by floating timber, his hands had made vain efforts to reach it. It was natural that he should wait till he heard that the cotton was on its way to the levee before he made any further trial. He certainly has done as much as can be required from a carrier.
Duncan for the plaintiff. Davesac for the defendant.
It is ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant with costs.